Joshua Trigsted (13126)
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| ANTHONY WILSON, | COMPLAINT |
|---|---|
| Plaintiff, | |
| v. | Case no: 2:11-cv-00484-DN |
| CROSSCHECK, INC., | |
| Defendant. | **JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2.  Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3.  Plaintiff, Anthony Wilson ("Plaintiff"), is a natural person residing in Salt Lake County, Utah.

4. Defendant, CrossCheck, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9. Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including attempting to collect a debt from Plaintiff in Utah without first obtaining the required license to collect in that State (§ 1692f));

10. Without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy, communicating with a third party other than in the manner prescribed by 15 USC § 1692b. Defendant has called Plaintiff's father multiple times in violation of 1692b and disclosed the existence of the debt to Plaintiff's father in violation of 1692b. Defendant may have violated more of 1692b's provisions (§ 1692c(b)).

11. In connection with collection of a debt, using language the natural consequence of which was to abuse Plaintiff, including calling Plaintiff a "loser" and accusing him of being

2

"lazy." (§ 1692d(2));

12. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to have Plaintiff imprisoned for fraud for writing a bad check. Plaintiff is not guilty of any crime and did not intentionally write a bad check (§ 1692e(5)).

13. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

14. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

15. Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

16. To the extent Defendant's actions, detailed in preceding paragraphs were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

18. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692c, & 1692d, 1692e, & 1692f.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the

Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages pursuant to 15 USC 1692k;

    C.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    D.    Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

    E.    For such other and further relief as may be just and proper.

**<u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>**

Dated this 31st day of May, 2011.

                                                **TRIGSTED LAW GROUP, P.C.**

                                                _____
                                                Joshua Trigsted
                                                *Attorney for the Plaintiff*